UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HAROLD T. CAIN                                                                                          PLAINTIFF

V.                                                                   CIVIL ACTION NO. 1:07cv50-LTS-RHW

HARTFORD CASUALTY INSURANCE COMPANY,                                  DEFENDANTS
UNIDENTIFIED ENTITIES 1-10, AND JOHN DOES 1-10

### ORDER

On October 15, 2007, this Court entered an [33] Order imposing sanctions on Plaintiff or Plaintiff's counsel for Plaintiff's failure to personally attend the mediation held in this case on October 10, 2007. Although Plaintiff's counsel has complied with the dictates of the [33] Order by paying the assessed amounts, he has filed his own [34] Motion for Sanctions against Defendant based on the fact that a local representative was not present at the mediation on its behalf. Apparently these absences resulted from a private agreement between counsel before the mediation, although the Court's approval was not sought. However, the Court does not find sufficient evidence to impose sanctions on Defendant or its counsel, as will be explained below.

This Court has previously observed that

> [a]mong the reasons that the court-ordered mediations take place in the United States Courthouse are to emphasize the serious obligations undertaken by any party pursuing legal action in court, and to remind them that this is the forum in which their case will be tried. Further, easy access is available to an appropriate United States Magistrate Judge in the event that any issue must be resolved in the course of the mediation.
>
> The Court's successful mediation program has worked because of many factors, not the least of which is the attendance of the parties and their counsel. The Court agrees . . . that the purpose of mediation is to settle legal disputes, but it must be remembered that the legal action was undertaken by Plaintiff, which triggered the entire process associated with it, including mediation.

*Black v. Higley, et al.*, No. 1:06cv1104 (document [43]).

It should be noted that the *Black* order denied Plaintiff's request to be excused from personally attending a mediation, and a subsequent order [44] denied an individual Defendant's similar request.

This Court has shown some flexibility in allowing what amounts to corporate counsel's

appearing alone at a mediation on behalf of his/her insurance company client. *Espinosa v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv896 (document [50]). That is apparently what occurred in the instant case. Defendant Hartford Casualty Insurance Company was not only represented at the mediation by local counsel, but its national counsel, armed [35] "with express authority for negotiating on behalf of Hartford to the same level that any local representative would have had," also attended. Therefore, the Court agrees that "Hartford was at all times fully vested in the negotiations and the [mediation] proceedings were not inhibited in any way."

While the Court does not endorse respective counsel's private agreement regarding attendance at the mediation (which the Court is confident will not be repeated in the future by either Plaintiff or Defendant), Plaintiff's counsel does not take issue with this Court's agreement [33] with the mediator that "[Plaintiff's] absence was not conducive to a productive negotiating environment." That same conclusion does not apply with respect to Defendant. Plaintiff's request that similar sanctions be imposed on Defendant is not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiff's [34] Motion for Sanctions against Defendant or, in the alternative, for the Court to withdraw the sanctions imposed on Plaintiff, is **DENIED**.

**SO ORDERED** this the 30th day of October, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE